UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDY & EVAN INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SENTINEL INSURANCE COMPANY, LTD. d/b/a THE HARTFORD,<br><br>Defendant. | Civil Action No.  15 CV 7061<br><br>COMPLAINT AND<br>JURY DEMAND<br><br>ECF CASE |

Plaintiff, Andy & Evan Industries, Inc. (hereinafter "Andy & Evan" or "Plaintiff"), by its attorneys, STERN & SCHURIN, LLP, as and for their Complaint against Defendant, Sentinel Insurance Company, Ltd. d/b/a The Hartford (hereinafter "The Hartford" or "Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action for breach of an insurance contract between Plaintiff and The Hartford. By this action, Plaintiff seeks compensation for the defense costs they have incurred and will incur, in connection with claims asserted against Plaintiff by an individual named Ernest Evans and his companies The Last Twist, Inc. and The Ernest Evans Corp. (hereinafter collectively "Evans") in a matter entitled *Evans et al. v. Andy & Evan Industries, Inc. et al.* 15-CV-61013-WPD ("the Underlying Action"). The Underlying Action is currently pending in United States District Court for the Southern District of Florida. Plaintiff also seeks a declaration that The Hartford is required to defend Plaintiff in the Underlying Action.

1

## JURISDICTION AND VENUE

2. Andy & Evan is a corporation organized and existing under the laws of the State of New York with a principal place of business located at 261 W. 35th Street, New York, New York 10001.

3. The Hartford is a Connecticut corporation, with a principal place of business located at One Hartford Plaza, Hartford, CT 06155

4. Since The Hartford does extensive business in the State of New York, this Court has general personal jurisdiction over The Hartford.

5. This Court has specific personal jurisdiction over The Hartford since the policy was entered into in New York and the transactions complained of herein between Andy & Evan, on the one hand, and The Hartford, on the other hand, took place within the State of New York.

6. This Court has subject matter jurisdiction in this action through diversity of the parties, 28 U.S.C. 1332. The sum in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because The Hartford resides in this judicial district.

## PARTIES

8. Andy & Evan is a named insured on an insurance policy issued by The Hartford that is the subject of this Complaint.

9. Andy & Evan conducts its business in the retail and wholesale apparel industry by selling, marketing, advertising, promoting and/or distributing apparel targeted exclusively for babies, boys and girls.

10. Upon information and belief, The Hartford is a company engaged in providing commercial, property and liability insurance. The Hartford sells its insurance products and services in this judicial district and throughout the United States.

## THE INSURANCE POLICY

11. In 2014, Andy & Evan secured and maintained a policy of commercial general liability insurance (hereinafter "CGL Policy") from The Hartford.

12. The Hartford issued CGL Policy is identified as Policy No. 12 SBA ZW8086 and was issued to Andy & Evan for the January 1, 2014 to January 1, 2015 policy period.

13. The CGL Policy was renewed for the 2015 to 2016 policy period.

14. The CGL Policy, identified as Policy No. 12 SBA ZW8086, contains the Business Liability Coverage Part and Umbrella Liability Supplemental Contract

15. Based on the renewal by Andy & Evan, the CGL Policy covers occurrences arising between January 1, 2014 and January 1, 2016.

16. The policy premium on the CGL Policy issued by The Hartford was a substantial sum of money, which was paid by Andy & Evan.

17. Andy & Evan has met every condition required by the CGL Policy. As a result, said CGL Policy remains in full force and effect with respect to Andy & Evan.

18. The CGL Policy issued by The Hartford includes coverage for "Personal and Advertising Injury."

19. Pursuant to the terms of the CGL policy issued by The Hartford, the definition of "Advertising Injury" in the policy includes, among other definitions, injury arising out of the following offenses:

f. copying, in your "advertisement," a person's or organization's "advertising idea" or style of "advertisement"

20.     The definition of the term "Advertisement," as set forth in the terms of the CGL Policy is very broad.  In particular, The Hartford CGL Policy defines "Advertisement" as "widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through: a. (1) Radio; (2) Television; (3) Billboard; (4) Magazine; (5) Newspaper; b. The Internet, but only that part of a website that is about goods, products or services for the purposes of inducing the sale of goods, products or services; or c. Any other publication that is given widespread public distribution.

## THE CLAIMS AND LITIGATION THAT GIVE RISE TO THE HARTFORD'S DUTY TO DEFEND

21.     On May 14, 2015, Evans filed a Complaint asserting various claims against Andy & Evan, as well as its retailer customers, Neiman Marcus and Nordstrom.  All of the claims against Andy & Evan are based on factual allegations that pertain to Andy & Evan's advertising and sale of products in violation of Evans' rights in CHUBBY CHECKER. A copy of Evans' Complaint is attached hereto as **Exhibit A**.

22.     Based on the factual allegations, the formal counts asserted by Evans against Andy & Evan include, *inter alia*, counts for trademark dilution, trademark infringement, unfair competition and false designation of origin, unauthorized use of name or likeness, violation of right of publicity and related claims.

23.     In this case, the allegations contained in the Complaint of the Underlying Action all relate to Andy & Evan's alleged unauthorized use of CHUBBY CHECKER in its advertising, marketing, distribution and sale of clothing products on the internet and elsewhere.

24. For example, Paragraphs 11, 35, 39, 40 and 41 of the Complaint filed by Evans allege:

> 11. Defendants all own, operate, maintain or control interactive websites, accessible from this judicial district, through which the complained of products have been **advertised** and sold.
>
> 35. Upon information and belief, Defendants had full knowledge of the icon-status of Mr. EVANS and Plaintiffs' famous CHUBBY CHECKER marks when they began approving, manufacturing, **marketing, advertising**, distributing, selling and making provisions for the **advertising** and sale of the A&E Chubby Checker Clothing.
>
> 39. Purchasers of A&E Chubby Checker Clothing and other products or services manufactured, licensed, **advertised, marketed**, or sold by the Defendants, directly or indirectly, and non-purchasing browsers of the associated webpages are being misled into believing that Plaintiffs have endorsed Defendants' products.
>
> 40. Plaintiffs have received no compensation for the unauthorized use of the CHUBBY CHECKER name, persona and related marks, or the professional and personal reputation of Mr. EVANS in connection with the A&E Chubby Checker Clothing or Defendants' other products which it directly or indirectly manufactures, licenses, **advertises**, markets or sells.
>
> 41. In some instances, Defendant A&E labels and otherwise **advertises** A&E Chubby Checker Clothing with the CHUBBY CHECKER name, persona and mark. In other instances, Defendants NEIMAN, LLC, NEIMAN LTD and NORDSTROM'S make the conscious decision to label and otherwise **advertise** the A&E Chubby Checker Clothing with the name, persona and mark CHUBBY CHECKER, despite any such label or **marketing** placed on the products by Defendant A&E.

25. With respect to a demand for monetary damages, Evans' Complaint demands that Andy & Evan "account for and pay" damages sustained by Evans. Evans' Complaint further demands that Andy & Evan pay "all profits realized…the sales of which have been enhanced directly or indirectly from the A&E Chubby Checker Clothing, or advertising of same…." Thus, the Complaint by Evans specifically requests monetary damages that they have purportedly sustained as a consequence of the acts of Andy & Evan.

## THE HARTFORD'S IMPROPER HANDLING
## AND ULTIMATE DENIAL OF THE CLAIM

26. On May 21, 2015, Andy & Evan tendered the Evans Complaint its insurance broker, PGLI Insurance Brokerage, by emailing a copy thereof. Attached hereto as **Exhibit B** is a copy of the email tendering the Complaint to Ms. Weiss of PGLI Insurance Brokerage. Thus, Andy & Evan provided The Hartford with timely notice of the suit initiated by Evans.

27. On July 8, 2015, over six weeks after the claim was filed, The Hartford responded with a denial letter. Attached hereto as **Exhibit C** is a copy of The Hartford Denial Letter.

28. As noted, The Hartford initially denies the claim on the grounds that "[t]here are no. . . allegations of a 'personal and advertising injury' offense as these terms are defined in the policy."

29. Despite extensive recitations to the factual allegations of the Evans Complaint, The Hartford reaches this conclusion with neither explanation nor comparison that demonstrates that the claims do not meet any of the enumerated offenses of that constitute 'personal and advertising injury'.

30. The Hartford's conclusion regarding the factual allegations of the Evans Complaint not constituting 'personal and advertising injury' is contrary to well-settled law. Upon information and belief, The Hartford was aware that its conclusion was contrary to well-settled law and, nevertheless, intentionally chose to deny a defense to Andy & Evan.

31. In the alternative, The Hartford asserts that "[s]hould an argument be made that the plaintiffs have asserted an enumerated 'personal and advertising injury' offense, which they do not; additional policy exclusions also apply to bar coverage…."

32. In particular, The Hartford states that the following exclusion to coverage applies to bar coverage:

**p. Personal And Advertising Injury**

"Personal and advertising injury":

**(7) (a)** arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity; or

**(b)** Any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply.

33. In footnote 6 of the Denial Letter, The Hartford states in a conclusory manner, with neither factual support nor explanation, that "[t]he exceptions to the exclusions B.1.p.(7) do not apply to the facts in this case."

34. On July 17, 2015, counsel for Andy & Evan responded to The Hartford's Denial Letter, explaining that the grounds for denial were entirely without merit. Attached hereto as **Exhibit D** is a copy of the Response Letter dated July 17, 2015. The Response Letter also demanded that The Hartford reconsider its denial, and immediately provide a defense to its insured, Andy & Evan.

35. As explained in the Response Letter, the exclusion applied by The Hartford to bar coverage to Andy & Evan "is limited, and includes exceptions where the exclusion <u>does not apply</u>. In particular, the exclusionary language does not apply when the only allegation in the claim or "suit" involving any intellectual property right is limited to (2) Copying in your 'advertisement', a person's or organizations 'advertising idea' or style of 'advertisement'."

36. The Response Letter further explains that the allegations asserted in the Evans Complaint all relate to Andy & Evan's alleged unauthorized use of CHUBBY CHECKER in its advertising, marketing, distribution and sale of clothing products on the internet and elsewhere.

Thus, there is no dispute that the factual allegations asserted against Andy & Evan relate to the alleged unauthorized use of CHUBBY CHECKER.

37. Under the express terms of the CGL Policy, "Personal and Advertising Injury"' includes injury for "f. copying, in your 'advertisement,' a person's or organization's 'advertising idea' or style of 'advertisement."  These terms in the CGL Policy have been repeatedly defined by courts to include allegations of trademark infringement.

38. The Response Letter directed The Hartford to well-established case law demonstrating that the terms of the CGP Policy are not in dispute, including the cases: *J.A. Brundage Plumbing & Roto-Rooter, Inc. v. Massachusetts Bay Ins. Co.,* 818 F. Supp. 553, 557 (W.D.N.Y. 1993); *Energex Sys Corp. v. Fireman's Fund Ins. Co.*, 1997 U.S. Dist LEXIS 8894, 1997 WL 358007 (S.D.N.Y. 1997); *R.C. Bigelow, Inc. v. Liberty Mutual Ins. Company*, 287 F.3d 242 (2d Cir. 2002); and *Cat Internet Serv.s., Inc. v. Providence Washington Ins. Co.*, 333 F.3d 138, 142 (3d. Cir. 2003).

39. Based on the undisputed and well-established case law, the allegations in the Evans Complaint fall under at least one (if not more) of the enumerated offenses.

40. Acknowledging the existence of the Intellectual Property exclusion relied upon by The Hartford, the Response Letter clearly demonstrated why the exclusion does not stand as a bar to coverage and defense of the Underlying Action.

41. In particular, the Response Letter explains:

> Although the text of the exclusion removes coverage for claims arising out of an intellectual property right such as trademark, the exception to the exclusion explicitly recaptures these claims with the very same language that provides coverage in the first instance – (2) Copying in your "advertisement", a person's or organization's "**advertising idea**" or **style of "advertisement"**. Thus, the allegations pertaining to the use by A&E of CHUBBY CHECKER in connection with its advertisements and advertising activities clearly trigger coverage under the exception to the exclusion.

8

42. The Response Letter also reminded The Hartford of its obligations under New York law with respect to providing a defense to insureds until it is determined with certainty that there is no basis for coverage, citing *Century 21, Inc. v. Diamond State Ins. Co.*, 442 F.3d 79, 82 (2d Cir. 2006) (citing *Hugo Boss Fashions, Inc.* v. *Federal Ins. Co.*, 252 F.3d 608, 620 (2d Cir. 2001))."

43. Upon information and belief, in additional to the foregoing, there are also other enumerated offenses under "Personal and Advertising Injury" under which coverage and defense should have been afforded by The Hartford to Andy & Evan.

## COUNT I
## (BREACH OF CONTRACT)

44. Andy & Evan repeats and realleges all of the preceding paragraphs as if fully set forth herein.

45. This is a cause of action for breach of contract under New York law.

46. Pursuant to the terms of the CGL insurance policy at issue herein, The Hartford was obligated to at least defend Andy & Evan from the claims of Evans that constitute "Advertising Injury."

47. One or more of the claims asserted prior to and in the Underlying Action constitute "Advertising Injury" under the definition of "Advertising Injury" contained in the policy at issue.

48. Andy & Evan made a proper demand for coverage and defense.

49. Andy & Evan submitted timely notice to The Hartford.

50. Despite several attempts, The Hartford improperly refused to cover or defend Andy & Evan in the underlying litigation.

51.     As a result, The Hartford has breached the terms of the CGL insurance policies at issue herein.

52.     As a result of The Hartford's breach, Andy & Evan have suffered, and will continue to suffer, damages in an amount in excess of $75,000.

## COUNT II
## (DECLARATORY JUDGMENT)

53.     Andy & Evan repeats and realleges all of the preceding paragraphs as if fully set forth herein.

54.     An actual controversy has arisen and now exists between Andy & Evan and The Hartford concerning whether The Hartford has a duty to defend Andy & Evan in the Underlying Action.

55.     By virtue of the foregoing, Andy & Evan desire a judicial determination concerning this issue.

56.     A judicial determination is necessary and appropriate at this time so that the parties may proceed in accordance with their respective obligations and rights as determined by the Court.

**WHEREFORE**, Andy & Evan prays for judgment against The Hartford as follows:

A.  With respect to Count I, for damages in an amount to be proven at trial;

B.  With respect to Count II for a judgment declaring that The Hartford has an obligation to defend Andy & Evan in the Underlying Action;

C.  With respect to all Counts I and II , for pre-judgment interest on all awards of damages;

D.  With respect to all claims, for the costs of suit incurred herein, including reasonable

attorney fees; and

  E. With respect to all claims, for such other and further relief as the Court may deem just.

            Respectfully submitted,
            **STERN & SCHURIN LLP**

            By: *Steven Stern*
            _____
            Steven Stern (SS 5203)
             sstern@sternschurin.com
            Richard Schurin (RS 0199)
             rschurin@sternschurin.com
            410 E. Jericho Turnpike
            Mineola, NY 11501
            Telephone: (516) 248-0300
            Facsimile: (516) 283-0277

            *Attorneys for Plaintiff*

Dated: September 8, 2015
    Mineola, New York